UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLAN WAYNE BRISCOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12CV11 JCH |
| ) | |
| UNKNOWN BAIRD, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the motion, the Court finds that the motion should be granted. Additionally, the Court is required to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). After reviewing the complaint, the Court finds that it is subject to dismissal. However, because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint.

The complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct."

The complaint, which does not allege a complicated fact pattern, rambles for fifty-one pages, repeating the same allegations many times. The complaint is replete with conclusory allegations, which are not entitled to the assumption of truth. And the complaint contains tens of pages of completely irrelevant allegations and conclusions. Moreover, as written, the complaint fails to state a claim against any of the defendants.

Because the allegations are not simple, concise, or direct, the complaint is subject to dismissal under Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure.

Moreover, as written, the complaint fails to state a claim against any of the defendants. Plaintiff sues defendants in their official capacity, but the complaint does not contain sufficient allegations to find that a policy or custom of a municipality caused plaintiff's alleged injuries. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As a result, the complaint fails to state a claim against Baird, Swonn, or Whearty. The complaint fails to state a claim against the Missouri Department of Revenue because the Department is not subject to suit under § 1983. Will, 491 U.S. at 71. The complaint is frivolous as to the Moberly Police Department because the Police Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992). And the complaint fails to state a claim against EBS Towing

because plaintiff's allegations regarding a conspiracy are wholly conclusory. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993); Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 422 (8th Cir. 2007). As a result, the complaint is dismissible under 28 U.S.C. § 1915(e).

Because plaintiff is proceeding pro se, the Court will allow him the opportunity to cure the defects by filing an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue at this time.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint **no later than 30 days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice.

Dated this 9th day of April, 2012.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE