UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

OLAN WAYNE BRISCOE,           )
                              )
        Plaintiff,            )
                              )
v.                            )       No. 2:12CV11 JCH
                              )
UNKNOWN BAIRD, et al.,        )
                              )
        Defendants.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint. The Court previously found that plaintiff's original complaint failed to state a claim upon which relief can be granted, and the Court allowed plaintiff the opportunity to file an amended complaint. Plaintiff is proceeding in forma pauperis in this matter. So, the Court is required to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

**The Complaint**

Plaintiff brings this case under 42 U.S.C. § 1983 against several police officers, the City of Moberly, the Moberly Municipal Police Department, EBS Towing, and the Missouri Director of Revenue.

Plaintiff alleges that he was arrested on February 13, 2008, for driving while intoxicated. Plaintiff denies that he was operating his vehicle, although he does not

deny that he was in it when he was arrested.  Plaintiff alleges that defendant Baird tackled him, struck him, and otherwise mistreated him during the arrest.  Plaintiff further claims that he requested medical attention but that Baird refused his request.

Plaintiff claims that he requested to take a breathalyser test from Baird.  Plaintiff alleges that Baird proceeded to do so, but plaintiff refused to take it because Baird was not operating it properly and would not provide plaintiff with any calibration reports.

Plaintiff was eventually found not guilty by a jury.  However, the Department of revenue revoked plaintiff's driver's license.

Plaintiff previously brought a case based on these facts against the Director of Revenue, which was dismissed as frivolous.  <u>Briscoe v. Director of Revenue, State of Missouri</u>, 2:11CV14 AGF (E.D. Mo.).

## Discussion

Plaintiff has failed to cure the defects in the original complaint.

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the

government entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to the individually named defendants.  The Court notes that it previously warned plaintiff that failing to name defendants in their individual capacities might result in their dismissal.

The vast majority of the allegations in the complaint are wholly conclusory and do not include facts, which if proved, would entitle plaintiff to relief.

Plaintiff's claim against the Moberly Municipal Police Department is legally frivolous because it is not a suable entity.  Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff's allegations against the City of Moberly are frivolous because plaintiff's allegations regarding a municipal custom are wholly conclusory and are not entitled to an assumption of truth.

The complaint fails to state a claim against EBS Towing because plaintiff's allegations regarding a conspiracy are wholly conclusory.  See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993); Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 422 (8th Cir. 2007).

Finally, plaintiff's claims against the Missouri Director of Revenue fail because plaintiff has failed to allege any constitutional violations on the part of the Director.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to refiling as a fully paid complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **MOOT**.

Dated this 11th  day of June, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE